For the appellate, Ms. Terrence, and for the appellate, Ms. Brooks, I should advise everyone that Justice Kinect is on the panel, however, he was ill today and he will be listening to the oral arguments tomorrow morning once they hit the AOIC website. You may proceed. Good afternoon. May it please the court. My name is Janine Terrence and I'm with the Office of the State Appellate Defender and I represent the minor appellant, Jacob. Jacob entered a guilty but mentally ill plea to the offenses of armed violence predicated upon unlawful restraint, three counts of unlawful use of weapons, three counts of unlawful possession of a handgun, and aggravated unlawful restraint. Because the armed violence predicated upon unlawful restraint is not an offense, Jacob's adjudication of delinquency must be vetted. Armed violence is committed in this particular case when a person discharges a Category 1 or Category 2 firearm while committing any felony defined under the law, except those offenses that make the possession or use of a dangerous weapon either the element of the base offense or an enhanced or aggravated version of the offense or a mandatory sentencing factor. Here, unlawful restraint has an enhanced or aggravated version that requires the use of a dangerous weapon as an element of the offense, thus it's excluded as a predicate felony. Because the armed violence statute itself defines a Category 1 or Category 2 weapon as a firearm or any weapon that's deadly or dangerous of like nature, aggravated unlawful restraint, which requires the use of a deadly weapon, is requiring the use of a dangerous weapon, thus it's an enhanced or aggravated version of unlawful restraint and it can't serve as a predicate offense, the unlawful restraint can't serve as a predicate offense. Where there is a negotiated guilty plea, as we have in this case, and the essential element of that plea is void, the entire plea must be vacated, and that's the situation we have in this case. And if there are no questions by the court, that's my argument. I do have a question for you in regards to the appropriate remedy, if we were to agree with your point here, in regards to the unlawful restraint argument, the case of People v. Spann, in that case, and this is a case that's, did you cite this in your brief? No, I did not. Okay, but it was cited to, and it was decided on the grounds of the proportionate penalties clause, and there the, it was remanded for vacating the guilty plea, but here, and they indicated that they were not vacating the defendant's armed robbery conviction, if we were to find in your client's favor here, there would be a vacation of the conviction, so it's a different situation than People v. Spann. I'll ask an opposing counsel about this as well, but I had a question for you in regards to the appropriate remedy. What exactly do you think it should be, and what is the case authority supporting that? Okay, in this case, we have a negotiated guilty plea. Jacob was charged with some 16 allegations. He pled to half of them. Because the negotiated plea is a contractual agreement, we go back to contract law, and where there is a void element of that agreement, there is a failure of meeting of the minds between the parties. If the plea to armed violence was not an essential element of this agreement, there would be no need to send it back or to allow it to be vacated as a plea, but because it is an essential element, it was the most serious offense for which he pled in exchange for the dropping or dismissing of other charges, there was this agreement by the state and Jacob, and because an essential element of that agreement can't be filled because the armed violence charge is void, constitutionally affirmed, there is no agreement. The agreement is void. And if there is no agreement, the conviction is void, and it needs to go back for the termination of a proper resolution to the adjudication petition. Is there anything else? I don't believe so. Thank you. Thank you. Ms. Brooks? May I please support and counsel? My name is Anastasia Brooks, and I represent the people in this case. First of all, the relevant statute here is Section 33A-2, Subsection B, which refers to making an offense that makes the possession or use of a, quote, dangerous weapon an element. Of here, the aggravated offense version that's cited is aggravated unlawful restraint. However, the elements of aggravated unlawful restraint actually refer to committing the offense of unlawful restraint while using a, quote, deadly weapon, and that's Section 10-3.1A. Well, the deceased claim is based on the Murphy decision and appellate court decision in which they held that there was no identity between armed violence predicated on unlawful restraint and the offense of aggravated unlawful restraint. And the reasoning was that the offense of aggravated unlawful restraint could be committed with the use of a deadly weapon and yet not violate the offense of armed violence. And the defendant's reply brief claims that Murphy made an incorrect statement because the defendant's position is that it is impossible to commit aggravated unlawful restraint without, in fact, also violating the offense of armed violence. However, what the defendant overlooks is that there are differences between the words deadly weapon and dangerous weapon. And dangerous weapon in the context of armed violence actually has a specific statutory definition and that is organized into three categories. And the statutory citation on which the defendant's reply brief also heavily relies, refers to, after mentioning certain blade type instruments, I quote, or other deadly or dangerous weapon or instrument of like character. And so that means that that reference to deadly or dangerous weapon of like character refers to cutting type instruments. So therefore, Murphy was correct. It is possible to commit aggravated unlawful restraint by using a deadly weapon that's not, in fact, a dangerous weapon for purposes of armed violence because it doesn't fit in one of the categories. Even the category to catch all of other deadly or dangerous weapon or instrument of like character in response to the defense reply brief, for example, what would not be subject to the Section 33A-1C definition of dangerous weapon would be poison, explosive, chemical, biological, or nuclear weapons, or even perhaps animals, all of which could be used and employed as a deadly weapon within the common meaning of the words deadly weapon, but not be, in fact, a knife or arm or a blade or bludgeon or such type of instruments that are referred to in armed violence statutes. So somebody who holds, if a defendant were to hold up this class at school with a vial of anthrax or some sort of poison gas or even a suitcase nuke or some sort of dangerous dog, for example, could be committing aggravated unlawful restraint but not armed violence. And this just also serves to demonstrate that these offenses are not, in fact, identical in their statutory elements. And in terms of the proportionate penalties analysis, what the defendant ends up showing in the reply brief is that an offender who does commit what this respondent did, aggravated unlawful restraint, and also commits armed violence predicated on unlawful restraint, his position is that he's simultaneously committed both crimes. Well, that shows no more than that these two sets of elements, these two compared offenses are included in one another. However, the Clemens Court assures the state that included offenses are not considered identical for purposes of the proportionate penalties clause. An example that Clemens case that I had worked on in the appellate court, the example that I thought of was what about burglary and residential burglary, a case which had a result of an amendment all over a decade ago became included instead of mutually exclusive offenses. Well, they have the same number of elements, entry to a building or entry to a residence on one hand with the intent to commit therein a felony or theft, with the intent to commit therein a felony or theft. Essentially, they have the same elements and if you enter a residence, which is also a building, you've committed both residential burglary and burglary. However, the Clemens Court says those are not identical offenses, they are included offenses and included offenses are not identical for purposes of the identical elements test and proportionate penalties clause. So the situation here, even if there were an identical number of elements, those elements are not the same. They are included in one another. They are not similar enough in order to invoke what Clemens says is, well, the Supreme Court of Illinois says we have never required an exact level of specificity, the same level of specificity. So although armed violence, for example, can be predicated on a number of different felonies, they say, well, let's predicate it only on armed robbery. And that was the Hochschild case. However, here, the use of a deadly weapon was the personal discharge of a firearm, a Category 1 or 2, which I think was charged as a Category 1 weapon, that was a firearm. So use of a deadly weapon versus personal discharge of a firearm, they're not similar enough to be considered identical. In fact, one necessarily commits aggravated unlawful restraint by committing armed violence. Merely, that establishes only that they are included offenses, not identical. And with respect to the claim that the entire plea should be vacated, it's based on the Gregory case, another case I worked on. That case involved a plea agreement with a sentencing term that could not be enforced. I think it was probation for an offender who had mandatory class act sentencing. So that's why that plea was thrown out. There's no agreement as to sentencing. So Gregory does not provide a basis for invalidating the adjudication of delinquency and the other offenses that were included in the plea agreement. So if the defendant and the respondent is correct, if the respondent is correct that the plea is void, or this offense is void, then the rule should be applied then that only the part of the judgment that is void should be vacated and the rest should remain. With respect to, I also had a proportionate penalties argument as to standing. The respondent seems to misapprehend the state standing argument. The state standing argument is limited to the validity of the 20-year minimum penalty that applies to adults. So in other words, if the result of a proportionate penalties violation, if the respondent were to establish it, if the result would be that his conviction would remain a Class X felony subject to a 30-year maximum penalty for purposes of the limitations of penalties applying to juvenile delinquents, so therefore would be until age 21, it wouldn't matter whether the 20-year minimum penalty could be applied to adults because he is a juvenile delinquent. He's not subject to that mandatory minimum penalty. So the question of validity of that does not impact his administrative review date if his offense still remains a Class X felony and he would suffer no direct injury. And also a question of remedy. The Spann case was cited in the respondent's reply brief, and the state's position is that Clemens, which was decided thereafter that, makes Spann's decision about remedy invalid because Spann referred to Christie in citing that Spann was the case in which the defendant was convicted of aggravated armed robbery, I'm sorry, attempted armed robbery, claimed it was identical to attempted armed violence. And they said, well, it would be remanded for, they vacated attempted armed robbery and remanded for sentencing based on the offense of attempted armed violence. However, Clemens was decided a year later, and Clemens decided that Christie did not contain any analysis or discussion of the appropriate remedy and was not controlling, and the Supreme Court of Illinois and Clemens also said that the state-elected prosecute, that was an armed robbery case compared to armed violence. And they said that because the defendant having been convicted of that offense being armed robbery must be sentenced pursuant to the armed robbery statute. So Spann is not a valid, with respect to remedy anymore. The only remedy would be sent, if there were a proportionate penalty clause violation, would be sentencing for the offense of armed violence. In this case, it would be armed violence. And then that becomes the question as, well, what would be the applicable penalty if there were a proportionate penalty clause violation? Well, the state says to Blair, and Blair explains that there is a sort of unique feature about the proportionate penalty clause violations in that it requires there be a comparison statute. So they could be remedied by, for example, amending the comparison statute. So under that analysis, the state takes the position that the proportionate penalty violation, if the respondent is correct, if there in fact is a violation, it would have arisen back in 1986 when the legislature passed Public Act 84-930, which enacted the offense, a new felony. So it's a different situation of like Hochschild, for example, where the legislature had a certain penalty, then they enact a new crime, they enhance the penalty for armed robbery, and now that becomes higher. And they say, well, now you have to re-sentence the defendant under the law, in effect, prior to that amendment to the armed robbery statute. Well, here there was a Class X felony penalty for armed violence predicated on unlawful restraint, which was a valid offense. So what happened is then in 1986, the legislature creates a Class III felony penalty for aggravated unlawful restraint. Now if those are identical, then the proportionate penalty clause violation would trigger at that point. The remedy then would be to go back and re-sentence for the statute, the law of armed violence, in effect, prior to the enactment of Public Act 84-930, which would be Public Act 80-1099 effective in 1978, which makes armed violence with a Category I weapon, a firearm, a Class X felony, period. This, I've never found, I've not found a reported case that has dealt with this exact same situation, where a new statute arises that, if considered identical, has a lower penalty so that it would revert if someone is charged with a more serious crime, and the law, in effect, had to revert back, that it would now become still a Class X felony conviction. Blair refers to Sharpe, and Sharpe refers to Christie. So with respect to the greater offense, if I can find a reference to Blair. Okay, it says here, and this is in paragraph 32 of Blair, although only the statute with proportionate penalties clause reference cited to Sharpe. Well, here, if there is a proportionate penalties violation, the statute that would be greater would be, I think it was Public Act 91-404, but even if that were true of the other armed violence statutes since aggravated unlawful restraint was enacted, I think it was also Public Act 88-467, 89-462, it would still revert back to Public Act 80-1099. So the result is that this is a situation where an amended statute, if the respondent is correct that they are identical, which we do not concede that point, we think they're not, the state does not agree that the respondent's characterization of these offenses are identical. But if they are, in fact, identical, the proper remedy would be to revert the law of armed violence back prior to what the Public Act attributed the violation. And I can find no similar example of that, but it seems counterintuitive that the applicable conviction would be the one that's greater, because the Supreme Court, since Christie, I think has told us pretty much that you drop the greater charge and go back to lesser charge. But this, I think, is a different and more unique situation that has not been confronted. I think the Blair analysis sort of compels the idea of unwinding the penalties back to what it was in effect prior to the alleged violation. I'm willing to entertain any questions if this Court has any requests to infer. Thank you. Your Bible. This case is not as complicated as it may seem. The present armed violence statute is constitutionally acceptable. It has excluded any offense as a predicate offense that includes a dangerous weapon as an element of a base offense, an enhanced or aggravated version of the offense, or as a sentencing enhancement element. Unlawful restraint has an aggravated version of the offense, aggravated unlawful restraint, which requires the use of a deadly weapon. A deadly weapon necessarily includes a dangerous weapon. You cannot have a deadly weapon and it not also be a dangerous weapon. That makes sense. So, if unlawful restraint has an aggravated version that requires a dangerous weapon as an element, it cannot serve as a predicate offense. Here, armed violence is based on unlawful restraint. It's a non-offense under the laws of the state. And as a non-offense, it cannot exist. Jacob could not have pled to it. And because he pled to it in exchange for the dropping or dismissing of other charges, people would think Gregory provides that given this agreement, it's now void. And because the agreement is void, it has to go back. Not only must the conviction be vacated, but the plea itself, because it was an essential element of the offense. Thank you. Thank you, counsel. We'll take this matter under advisement and stand in recess until further time.